UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION LEE MILAM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. D. McDONALD,<br><br>　　　　　Respondent. | 1:10-cv–00631-SMS-HC<br><br>ORDER DISMISSING THE PETITION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO PROSECUTE AND FAILURE TO FOLLOW A COURT ORDER (Docs. 1, 9, 11)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE ACTION |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in signed writings filed by Petitioner on March 31, 2010, and May 5, 2010 (docs. 4, 8). Pending before the Court is the petition, which was filed in this Court on March 22, 2010.

　　　I.　Background

　　　Because Petitioner did not allege in the petition that he

1

had exhausted his state judicial remedies, the Court ordered Petitioner to show cause in thirty (30) days why the petition should not be dismissed for lack of exhaustion.  The Court's order was filed and served on Petitioner on January 18, 2011. Petitioner sought and received by order served on him on February 25, 2011, an extension of thirty (30) days to respond to the order to show cause.

Over thirty days have passed since service of the order on Petitioner, but Petitioner has failed to respond to the Court's order.

>     II.    Dismissal for Failure to Prosecute the Action and
>            Failure to Follow an Order of the Court

Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule

1  requiring pro se plaintiffs to keep court apprised of address);
2  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
3  (dismissal for failure to comply with court order); Henderson v.
4  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
5  of prosecution and failure to comply with local rules).

6      In determining whether to dismiss an action for lack of
7  prosecution, failure to obey a court order, or failure to comply
8  with local rules, the Court must consider several factors: (1)
9  the public's interest in expeditious resolution of litigation;
10 (2) the Court's need to manage its docket; (3) the risk of
11 prejudice to the respondents; (4) the public policy favoring
12 disposition of cases on their merits; and (5) the availability of
13 less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson,
14 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
15 1260-61; Ghazali, 46 F.3d at 53.

16     In the instant case, because the petition has been pending
17 for a lengthy period, the Court finds that the public's interest
18 in expeditiously resolving this litigation and the Court's
19 interest in managing the docket weigh in favor of dismissal.  The
20 third factor, risk of prejudice to respondents, also weighs in
21 favor of dismissal, since a presumption of injury arises from the
22 occurrence of unreasonable delay in prosecuting an action.
23 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The
24 fourth factor -- public policy favoring disposition of cases on
25 their merits -- is greatly outweighed by the factors in favor of
26 dismissal discussed herein.  Finally, a court's warning to a
27 party that his failure to obey the court's order will result in
28 dismissal satisfies the "consideration of alternatives"

requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order requiring Petitioner to show cause stated that failure to follow the order would result in dismissal of the petition pursuant to Local Rule 110.  Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

### III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their

4

merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disposition

Accordingly, it is ORDERED that:

1)  The petition is DISMISSED without prejudice for Petitioner's failure to follow the order of the Court and failure to prosecute the action; and

2)  The Clerk is DIRECTED to close the action because this order terminates the proceeding in its entirety; and

3)  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   April 29, 2011**             /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE